UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: SUBPOENA DUCES TECUM
NUMBER: 13699
SERVED BY THE UNITED STATES OF AMERICA
UPON THE JOINT COMMISSION

## AGREED ORDER FOR ENFORCEMENT OF SUBPOENA DUCES TECUM

Before the Court is a Joint Motion for Enforcement of Subpoena Duces Tecum (the "Subpoena") served by the United States of America (the "Government") on The Joint Commission, formerly known as the Joint Commission on Accreditation of Healthcare Organizations ("The Joint Commission") and submitted by the parties. The Court finds and concludes that:

1. The Subpoena seeks production of records (the "Requested Information" or "Joint Commission Records") under the authority of Section 248 of the Health Insurance Portability & Accountability Act of 1996, Public Law No. 104-91, 18 U.S.C. §3486, regarding The Joint Commission's accreditation surveys or audits of the entities named therein, communications with the entities named therein, and the criteria or standards used by The Joint Commission to determine whether it will accredit an independent diagnostic testing facility.

2. The Joint Commission contends that the Requested Information is privileged under state law, including the Illinois Medical Studies Act (the "Act"), 735 Ill. Comp. Stat. 5/8-2101, and the Illinois Supreme Court's decision in Niven v. Siqueira, 109 Ill.2d 357, 487 N.E.2d 937 (1985), holding that the privilege and

confidentiality provisions of the Act apply to accreditation surveys and related information in the possession of The Joint Commission. The Act classifies the unauthorized disclosure of information obtained in the course of such proceedings as a Class A misdemeanor. 735 Ill. Comp. Stat. 5/8-2105. The Joint Commission further contends that, except as federal law may require this Court to recognize state privileges with respect to the Requested Information or part thereof, in determining whether to recognize state privileges in this case, this Court should weigh the asserted need for the Requested Information against the policy sought to be furthered by medical peer review privileges created under state law, including the Act, in light of the facts and circumstances of this case.

3. The Government contends that any state law privileges are superseded by federal law and should not be recognized in this case, except as federal law may provide otherwise; in the alternative, the Government contends that it is entitled to the Requested Information under a balancing test, or otherwise.

4. The Court finds and concludes that, except as otherwise provided in Paragraphs 5, 6 and 7 below, and except as federal law may require this Court to recognize state privileges with respect to the Requested Information or part thereof, state law privileges are superseded by federal law and should not be recognized in this case. Accordingly, the Act does not prohibit compliance by The Joint Commission, The Joint Commission's compliance with the Order does not constitute an "Improper disclosure" as described in Section 8-2105 of the Act or a

violation of any privilege under state law, and The Joint Commission shall comply with the Subpoena as provided by this Order.

5. This Court finds and concludes, however, that The Joint Commission shall comply with the Subpoena by producing to the Government's attorney copies of the Requested Information with the following information redacted: (a) the identities of any persons who have made complaints or otherwise communicated any concerns regarding the entities named in the Subpoena under an expectation or pledge of confidentiality or anonymity by The Joint Commission, as well as any other information which would or could reveal the identities of any such persons; and (b) the identities of any patients, patients' relatives or patients' friends and any other information which would or could reveal the identities of any such persons. The parties may seek further relief from this Court concerning this matter after The Joint Commission has produced the subpoenaed records in the agreed-upon redacted form; however, nothing contained in this Order shall be deemed to waive any of the parties' respective rights or remedies under law.

6. The Court further finds and concludes, however, that The Joint Commission need not comply with the Subpoena to the extent that it seeks production of any communications between The Joint Commission and the entities named therein relating to any "sentinel event" as defined by The Joint Commission (including but not limited to any action plans, root-cause analyses, sentinel event reports and/or accreditation survey findings relating to any such communications). The parties may seek further relief from this Court concerning

this matter after The Joint Commission has produced the subpoenaed records excluding any such documents; however, nothing contained in this Order shall be deemed to waive any of the parties' respective rights or remedies under law.

7.  The Government shall disclose the Requested Information only to the extent it deems necessary to enforce federal law in connection with the matters under investigation. Further, the Government will return or destroy all copies of the Requested Information at the end of its investigation or any litigation or proceedings arising therefrom. Finally, any and all Joint Commission Records produced by the Government to any third party shall be produced subject to a Confidentiality Agreement, the language of which will be agreed to by the Government and The Joint Commission.

Accordingly, based on the foregoing findings and conclusions, it is hereby:

ORDERED that the Joint Motion for Enforcement of Subpoena Duces Tecum is granted. It is further

ORDERED that The Joint Commission shall produce the Requested Information in a redacted form and excluding certain documents as aforesaid to the Government within fourteen (14) days after the entry of this Order. It is further

ORDERED that any party who requests a modification of the terms of this Order shall give the non-requesting party at least fourteen (14) days prior written notice of such request. It is further

ORDERED that this Court retains jurisdiction to enforce the terms of this Order.

DONE AND ORDERED in chambers in Tampa, Florida this 28th day of ~~February~~, 2012.

United States ~~District~~ Judge